COBOS, APPELLANT, *v.* CLAUSEL, RESPONDENT.

APPEAL from the District Court of San Juan, Section 1.

No. 923.—Decided June 20, 1913.

DIVORCE—GRAVE INJURY—AMOROUS RELATIONS WITH THIRD PERSON—EVIDENCE.—
The fundamental cause of action for divorce in this case is that the defendant
had gravely injured the plaintiff by maintaining amorous relations with a
third person. In proof of this allegation the plaintiff offered in evidence a
love-letter addressed to ''Lola'' by ''Rosa,'' which the plaintiff alleges he
took from his wife, the defendant, when she was about to post it under cover
addressed to her lover, and two other undated and unsigned letters which
the plaintiff avers were written by his wife; and the plaintiff himself tes-
tified. It was decided that even admitting the genuineness of the said three
letters, as they were made a part of the complaint and not denied by the
defendant, they do not prove that the defendant was the person who, over
the signature of ''Rosa,'' addressed the letter which her husband took from
her to her lover under the name of ''Lola,'' therefore the amorous relations
on which the allegation of grave injuries was based were not proven.

ID.—GRAVE INJURY—CRUELTY.—In order to obtain a divorce on the ground of
grave injury such injury must reach the point of cruelty.

The facts are stated in the opinion.

*Messrs. Bosch* and *Soto* for appellant.

The respondent did not appear.

*Mr. Frank Martínez,* acting *fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an action for divorce brought by Gregorio Cobos
against his wife, Luisa Clausel, originating in a complaint
filed in the District Court of San Juan, Section 1, on March
23, 1912, alleging as the fundamental cause of action that the
defendant had gravely injured the plaintiff by maintaining
amorous relations with one José Manuel de Loira, as shown
by letters exhibited with the complaint and made a part
thereof.

Luisa Clausel having been duly summoned and having
failed to answer the complaint within the time allowed, de-

fault was entered against her on April 8 of said year. At the trial only the plaintiff appeared and the court rendered judgment on August 30, 1912, dismissing the action with costs against the plaintiff, who took the present appeal to this court from said judgment.

The appeal is based on the ground that said judgment is contrary to the law and the evidence and is in violation of subdivision 4 of section 164 of the Civil Code and of section 119 of the Code of Civil Procedure.

The evidence offered by the plaintiff consists of a love-letter addressed to "Lola" by "Rosa" dated October 13, 1902, which letter plaintiff alleges he took from his wife at the moment when she was about to post the same under cover addressed to José Manuel de Loira, and two other undated and unsigned letters which the plaintiff affirms were written by his wife imploring his pardon for an offense the nature of which she fails to state, and of the testimony of the plaintiff to the effect that he had been separated from his wife for more than 10 years as a consequence of the letter which he had taken from her when she was about to post the same.

The three letters referred to are the same letters exhibited with the complaint and in accordance with the provisions of section 119 of the Code of Civil Procedure their genuineness should be considered as admitted inasmuch as it has not been denied by the defendant. However, this genuineness goes no further than what the letters themselves reveal and from it we cannot arrive at the conclusion that the defendant was the person who under the signature of Rosa addressed the letter of October 13, 1902, to José Manuel de Loira concealed under the name of Lola, although we admit that she was the person who implored her husband's forgiveness in the other two letters for the commission of an offense of the nature of which we are ignorant.

It follows, then, that there is no evidence of the amorous relations between Luisa Clausel and José Manuel de Loira

which constitute, as alleged by the plaintiff, the grave injuries on which he bases his complaint.

Moreover, we have decided in the cases of *Cruz* v. *Domínguez*, 8 P. R. R., 551, and *Quiñones* v. *Rodríguez*, 9 P. R. R., 291, that in order to obtain a divorce on the ground of grave injuries such injuries must reach the point of cruelty.

There is no evidence of cruelty in the case at bar. See *Axtmayer* v. *Ortiz, ante* p. 476.

The judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.